DAVID BUGBEE & ux. versus EDWARD SARGENT, & al.

Where an estate is devised on condition of, or subject to, the payment of a sum of money, or where the intention of the testator to make an estate, specifically devised, the fund for the payment of a legacy is clearly exhibited, such legacy is a charge upon the estate; and a court of equity may decree, that the person in whom the estate is vested shall execute the trust.

THIS was a bill in equity against two of the legatees and the heirs at law of Edward Sargent, deceased. The same suit was before the Court at an ealier state of the proceedings, on a demurrer to the bill. That case is reported in Vol. 23, 269.

After the demurrer was overruled, the legatees in their answers rejected the devises to them. The facts are stated in the opinions of the Court in that and in the present case.

*Kelley*, for the plaintiffs, considered that all the questions, which could arise in the present case, were decided when the parties were before the Court at the former hearing on the demurrer. 23 Maine R. 269.

Among other points, it was there decided, that after the rejection of the devise, that the land went to the heirs at law charged with a trust, and held for the payment of this legacy.

*A. W. Paine*, for the defendants, contended that by the will this legacy was not a charge upon the land devised, but on the devisee personally. A devise upon condition is not a charge upon the estate. *Temple* v. *Nelson*, 4 Metc. 584. The case cited from Paige, in the former case, and seemingly relied upon, it was said, was not in accordance with any other decision, and ought not to be considered as law. 3 Mason, 178; 5 Ves. 545. Had the devisee elected to have accepted the devise, there would have been no charge upon the land. But if ever a charge, it was so at the commencement. Whether a charge or not does not depend on any contingency happening afterwards.

The opinion of the Court was drawn up by

TENNEY J. — The testator, Edward Sargent, in his will, devised to his wife his homestead farm; and to his brother, Joseph Sargent, one half of another parcel of land; and the other

half of the same to his nephews Edward Sargent and Benjamin Sargent, two-thirds to the former, and one-third to the latter, conditioned that the brother should pay a legacy of $200, to his sister, Sarah Sargent; and that Edward and Benjamin should pay to Sarah Hasty, now Sarah Bugbee, one of the plaintiffs, a legacy of $300, in the same proportion, in which the devise was made, in manner in the will afterwards mentioned. It does not appear that the testator was the owner of any other real estate. He bequeathed to his wife all his personal property, including notes and accounts, conditioned, that she should pay all his honest debts, out of said property ; to his sister, Sarah Sargent, the sum of $200, to be paid by his brother Joseph in one and two years from the time he should come into possession of the land devised to him; and to Sarah Hasty the sum of $300 dollars, to be paid two-thirds by Edward, and one-third by Benjamin Sargent, in one and two years from the time they should come into possession of the land severally devised to them.

This suit was brought by the said Sarah Bugbee and her husband against the devisees, the executrix and the heirs-at-law ; and it was requested in the bill, that the said Edward and Benjamin, who it was stated had not taken possession of the land or accepted the devise, should elect to accept or reject the devise ; if the former, that they might be decreed to execute the trust; if the latter, that the land charged with the legacy might be decreed to be sold, and the proceeds appropriated to the payment of the legacy. Upon a demurrer filed by some of the defendants, various questions were presented ; and it was decided, that the legacy was a charge upon the estate devised to Edward and Benjamin Sargent, and that " the beneficial interest in it, which the plaintiffs have, while the legal title is in others, constitutes a trust ;" and the demurrer was overruled. 23 Maine R. 269. The devisees, Edward and Benjamin, have since filed their further answers, declining to accept the devise.

On a hearing upon the bill and answers, the counsel for the defendants still deny that the land devised is charged with the

legacy ; and insist that the decision is not supported by the authorities. No question is better settled than that which relates to the one presented. If any difficulty arises, it is whether the will shows an intention of the testator to charge the land devised, with the payment of the legacy. Real estate devised, is not as of course, charged with the payment of legacies. It is never charged, unless the testator intended it should be ; and an intention must be expressly declared, or fairly and satisfactorily inferred, from the language and disposition of the will. *Lupton* v. *Lupton*, 2 Johns. Ch. 614. It is not believed that a case can be found, which conflicts with this rule. The case cited from the 4th of Metcalf, 584, is in no wise inconsistent with it ; but on the contrary, in substance fully supports it. "The language and the disposition of the will," satisfied the Court, that the testator, in that case, did not intend to charge the *remainder* after the particular estate was determined, with the payment of the expenses incurred in the maintenance of the devisee of the life estate, a *non compos*, beyond the produce and profits thereof. Upon a construction of the will, they held, that it was the intention of the testator, to provide for the maintenance of the *non compos* son, but that the provision made was clearly expressed, and was not designed to be a charge upon the remainder, devised to another son upon condition, he not having accepted the devise.

The case at bar is very distinguishable from the one invoked. In this will the testator disposed of all his real estate and personal property. His intention was, that Sarah Hasty should have a legacy of $300. It was not to be paid by the executrix ; such a construction is excluded by the terms of the will, and there was nothing from which she could make the payment as she had absolutely the devise of the farm on which the testator had lived ; and all the personal property charged only with the debts. But the payment was to be made by Edward and Benjamin, and they were to have the devise only on the condition that this legacy should be paid. The testator manifestly intended that out of the value of that land, Sarah Hasty should first be entitled to the amount of the legacy ; and the

devisees to the residue.  It was not his design, that she should be deprived of the bounty which he provided, on the contingency that the nephews should decline to receive what he supposed for their benefit, and therefore, that it should pass to the heirs, who had received all that he chose to give them, or who he did not intend should participate in his property.

The heirs-at-law, having possession of the land, should make sale thereof, or so much as is necessary to raise the sum for the payment of the legacy to Sarah Bugbee, and

<i>Decree accordingly.</i>